**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID S. JOHNSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-cv-1068 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Lisa Pupo Lenihan |
| CITY OF PITTSBURGH, et al, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On August 11, 2016, Plaintiff filed a "Motion for Special Allowance," seeking leave to use the backs of documents in his possession to draft and submit filings in this case. (Doc. 4). Plaintiff states that he has been "forced" to file documents in this manner because he is "being held in a prison which refuses to provide him with the necessary stationary supplies to allow him to follow court rules with regard to the filing of documents." Id. On August 15, 2016, the Court denied Plaintiff's Motion for Special Allowance, ruling that "going forward, Plaintiff should be sure that all papers filed with the Court contain only text related to his case, which he intends to be considered by the Court." (ECF No. 6). On August 26, 2016, Plaintiff filed a "Notice to the Court," seeking reconsideration of the Court's denial of his "Motion for Special Allowance." (Doc. 7).

The Court construes Plaintiff's "Notice to the Court" as a Motion for Reconsideration of the Court's denial of his "Motion for Special Allowance." For the reasons that follow, Plaintiff's Motion for Reconsideration will be denied.

Plaintiff's request to file documents on reused paper is unworkable. In essence, Plaintiff is asking the Court for leave to file documents containing text unrelated to this case, thereby requiring the Court to sort through and determine what text Plaintiff intends the Court to consider and what text should be ignored. The Court is not, however, in a position to make such a determination, without assuming the risk of either ignoring relevant information and/or considering irrelevant material.

Furthermore, according to the Maryland Division of Correction Inmate Handbook, of which the Court takes judicial notice, Plaintiff may request additional writing materials for legal mail from his case management specialist. The Handbook, which the Court attaches to this Order, provides:

> Outgoing mail may be sealed with the inmate's name, identification number, and name and return address of the institution on the envelope. Postage must be on the envelope, unless the inmate is indigent. If an inmate has less than $4.00 in his/her active account for 30 days, he/she may be indigent. ***Indigent inmates can request postage and writing materials for seven letters each week. Indigent inmates may ask their case management specialists for additional postage and writing materials for legal mail.*** If the inmate has funds, his/her case management specialist can tell him/her how to use money from his/her account with his/her letter. Outgoing mail will be stamped to show that the mail is being sent by an inmate from a correctional institution and the date the mail was processed in the prison.

<u>See</u> Maryland Division of Correction Inmate Handbook, p. 22 (2007) (emphasis added).

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. 7) is DENIED.

IT IS SO ORDERED.


September 1, 2016                              s\Cathy Bissoon_____
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

**DAVID S. JOHNSON**
#267852
Patuxent Institution
P.O. Box 700
Jessup, MD 20794