#4

1564

*Emergency Filing*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Name and address of Plaintiff:
David S. Johnson - Pro Se
267852, MRDCC
550 East Madison Street, Baltimore, MD 21202-4295

v.

Full name, title, and business address
of each defendant in this action:
1. City of Pittsburgh
   Office of the Comptroller - City-County Bldg
   Forbes Avenue & Grant Street
   Pittsburgh, PA 15219

2. University of Pittsburgh
   Pittsburgh, PA 15213

Use additional sheets, if necessary
Number each defendant.

**RECEIVED**

JUL 21 2016

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

16-1068

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I. Where are you now confined? _____

   What sentence are you serving? _____

   What court imposed the sentence? _____

II. Previous Lawsuits

   A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit

   Plaintiffs _____

   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) and docket number

Defendants Continued:

3. University of Pittsburgh Police Department
   Forbes Avenue
   Pittsburgh, PA 15213

4. Officer Sara Falotico
   University of Pittsburgh Police Department
   Forbes Avenue
   Pittsburgh, PA 15213

5. Officer Alexander Visnich
   University of Pittsburgh Police Department
   Forbes Avenue
   Pittsburgh, PA 15213

6. Sgt. John Doe (Name Unknown)
   University of Pittsburgh Police Department
   Forbes Avenue
   Pittsburgh, PA 15213

7. Officer John Doe (Name Unknown)
   University of Pittsburgh Police Department

Note:
   The University of Pittsburgh and the City of Pittsburgh are named as Defendants as the entities are each aware that the University of Pittsburgh Police employ their registered trademark names in the insignia on their police cars and on their uniforms and, thereby, are acting with the support of, and in representation of, both the University of Pittsburgh and the City of Pittsburgh.

Emergency Request For Subpoena Of Evidence
To preserve evidence from loss or destruction, the Plaintiff enters, with this complaint, a request that subpoena issue to the City of Pittsburgh and the University of Pittsburgh Police Department, entities named as Defendants, demanding that all video and audio recordings from the three police cars which were employed by the Police Officers named as Defendants, and from their dispatch, from the date of June 20, 2016, between the hours of 0300 hours and 0500 hours be delivered to the court as evidence.

In Forma Pauperis Request For Marshall Service And Copies Of Complaint For Service.
The Plaintiff is being held in a prison in Maryland and does not possess the capacity to make copies of documents. Also, as he is imprisoned, he does not possess the capacity to perform service. Therefore, being without funds or property, the Plaintiff asks that in forma pauperis be granted and that the court direct that copies of the complaint be made and that they be served via U.S. Marshal Service without prepayment of costs.

3. Name of judge to whom case was assigned _____

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____

5. Approximate date of filing lawsuit _____

6. Approximate date of disposition _____

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

Where? _____
When? _____
Result: _____

III. What federal law do you claim was violated? <u>Fourth Amendment and First Amendment of the Constitution of the United States</u>

IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: <u>June 20, 2016</u>

B. Place of event: <u>Pittsburgh, Pennsylvania</u>

C. Persons involved--name each person and tell what that person did

(1.) to you: <u>On June 20, 2016, at approximately 3:24 in the morning, the Plaintiff was seated upon his backpack in the doorway of a Starbucks Coffee Shop, not obstructing any traffic, not creating any disturbance, scrolling through his e-mails on his phone when a police car, bearing the title of University of Pittsburgh Police with the State of Pennsylvania emblem with the words City of Pittsburgh beneath it, came to a stop in front of him. The Plaintiff, a black man, continued to inspect his e-mails on his phone as two police officers, identified as Officer Sara Falotico and Officer Alexander Visnich, exited the vehicle and approached him. Officer Falotico began to question the Plaintiff</u>

IV Statement of Claim

his rights because he was a homeless black man who possessed no capacity to stop them or obtain anything more than lip service should he enter a complaint, Officer Sara Falotico did initiate actions in violation of his rights under the Fourth Amendment of the Constitution of the United States to be secure in his person and free from unreasonable searches and seizures.

(2.) With the assistance of two additional police officers, Sgt. John Doe (Name Unknown) and Officer John Doe (Name Unknown), who arrived in two additional police cars, the Plaintiff was detained by Officer Falotico who first commanded the Plaintiff to discontinue his use of his phone then requested his identification card and, without any reasonable suspicion or probable cause to believe a crime had been committed or was being committed by the Plaintiff, did initiate investigation into the Plaintiff. The Plaintiff was terry frisked and his hands were secured behind his back in handcuffs.

(3.) While being handcuffed the Plaintiff inquired as to why he was being arrested. Officer Falotico informed the Plaintiff that he was not under arrest but being detained until his identity cleared. At that moment she made comments regarding how the Plaintiff should have visited the Starbucks on the South Side. Also, while the Plaintiff was being placed in handcuffs, Officer John Doe got in his car and sped down the street in pursuit of a passing motorist who was stated to have performed a traffic violation. Watching him go, Officer Falotico stated to the Sergeant and Officer Visnich that the officer performing the traffic stop should be informed that his arrest did not "count," as if they were in a contest to see how many homeless persons they could arrest and arrests of any other persons were invalid to their competition.

(4.) The Plaintiff was, in time, informed that there was a warrant for his arrest in existence that he was unaware of. When the Plaintiff protested his lack of knowledge regarding any warrant a verification was performed. When the warrant was verified the Plaintiff's pockets were emptied and all property, with the exception of his shirt, pants, belt, phone case (attached to his belt), shoes, socks, and undershorts, in his possession was seized by Officer Visnich. He was allowed to keep only what he was wearing.

(5.) The Plaintiff was placed in the rear of a police car that arrived to transport him and taken to the police station. His property was not placed in the vehicle with him. From the police station he was taken to the Allegheny County Jail. Again his property was not placed in the vehicle with him. When asked, an admissions officer at the Allegheny County Jail informed the Plaintiff that the property did not arrive with him and the jail would not accept backpacks. The property of value seized from the Plaintiff in conjunction with the search and seizure of his person, in violation of the Fourth Amendment of the Constitution of the United States is as follows:

1 Extra Heavy Duty Backpack
6 Book Manuscripts (of unpublished compositions written by Plaintiff)
Identification and Consumer Cards (Pennsylvania State Identification Card, Social Security Card, Access Card, Plenti Card, Google Debit Card, etc.)

> with seemingly innocuous queries which were answered by him as he continued to use his phone. Upon discovering The Plaintiff was a homeless black man, and with, the belief of the Plaintiff is, the Thought That she could do what she chose in abuse of

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where?

_____

and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
Yes ( ) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ) No ( )

C. If your answer is YES,

1. What steps did you take? _____

2. What was the result? _____

D. If your answer is NO, explain why not: _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( ) No ( )

F. If your answer is YES,

1. What steps did you take? _____

2. What was the result? _____

VI. Relief

<u>State briefly exactly what you want the court to do for you</u>. Make no legal arguments. Cite no cases or statues.

> That The Defendants The City of Pittsburgh, and/or University of Pittsburgh, and/or University of Pittsburgh Police Department,

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

IV Statement of Claim - Section C Continued:

1. Android Cell Phone (containing legal information regarding a case currently being litigated within the United States Third Circuit Court of Appeals and personal information)
1. Flashdrive (containing legal information regarding a case currently being litigated within the United States Third Circuit Court of Appeals and unpublished short story compositions)
   - Notes and Documents (of legal information regarding a case currently being litigated within the United States Third Circuit Court of Appeals - Work Product and personal writings)
   - Pages of Plaintiff's Personal Journal

(6.) As a result of the Plaintiff having been separated from his legal notes and documents he has suffered ineffective access to courts in violation of his rights under the First Amendment of the Constitution of the United States. Also, as a result of the violation of his constitutional rights under the Fourth Amendment which led to his imprisonment, other property of the Plaintiff might be lost due to his inability to keep it secure. The property which might potentially be lost by him is as follows:

5 ½ Book Manuscripts (of unpublished compositions written by Plaintiff)
   All Personal Clothing and Toiletries
   Composition Books (containing personal journals and writings)
   Other Personal Identification and Legal Documents


Statement to the Court - No Confidence

Because the U.S. District Court for the Western District of Pennsylvania has, with regard to previous action by the Plaintiff, as concerns the illegal and unconstitutional acts of legal officials, been consistent in its display of bias in opposition to his claims and in favor of law enforcement entities, even to the point of performing unconstitutional and illegal acts itself in order to justify or defend the actions of those law enforcement entities, the Plaintiff enters a claim of <u>No Confidence</u> against the court and requests that this case be forwarded to the jurisdiction of the United States Third Circuit Court of Appeals for redress.

July 18, 2016               David S. [signature]
(Date)                      (Signature of Plaintiff)

VI Relief Continued:
and/or Officer Sara Falotico, and/or Officer Alexander Visnich be ordered to pay the following in compensatory damages:

1. $800 per day for every day spent in prison by the Plaintiff following the violation of his rights under the Fourth Amendment of the Constitution of the United States.

2. $150,000 per book manuscript for any unpublished manuscripts which were contained in the Plaintiff's backpack at the time of the violation of his rights under the Fourth Amendment of the Constitution of the United States that is stolen, copied, illegally published, or destroyed as a result of having been removed from the Plaintiff's possession. The Plaintiff shall retain all ownership rights with regard to said book manuscripts.

3. Compensation for the replacement of personal identification cards (Pennsylvania State Identification Card, Social Security Card, etc) seized by police following the violation of the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and the obstruction the loss of those identification cards created to his ability to seek and gain employment following his release from imprisonment. The compensation to be in the amount of $800 per day for every day he is without personal identification cards (Pennsylvania State Identification Card and Social Security Card).

4. Compensation for any financial charges which have occurred, or which may occur in the future, due to identification theft and fraud as a result of persons having attained personal identity information during the time of his imprisonment following the violation of the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States. The amounts to be brought to the attention of the court upon discovery by the Plaintiff.

5. $2,000,000 for any act of hacking into the Plaintiff's computer accounts which occurred during his imprisonment following the violation of his rights under the Fourth Amendment of the Constitution of the United States, and during the time his telephone was in the custody of the police or after theft from the police of said telephone.

6. $2,000,000 for any act of identity theft or fraud employed for the purpose of hacking into the Plaintiff's computer accounts and/or entering information in any form through use of the Plaintiff's computer accounts which occurred during the time of his imprisonment following the violation of his rights under the Fourth Amendment of the Constitution of the United States.

7. $5,000,000 for any act of dissemination of information retrieved from the Plaintiff's computer accounts or his telephone following the violation of his rights under the Fourth Amendment of the Constitution of the United States and the seizure of his phone by police.

VI Relief Continued:

8. $5,000,000 for any act of dissemenation of information retrieved from the Plaintiff's backpack and/or identification cards following the violation of his rights under the Fourth Amendment of the Constitution of the United States.

9. $3,000 for telephone seized by police from the Plaintiff following the violation of his rights under the Fourth Amendment of the Constitution of the United States in compensation for replacement of telephone, time of Plaintiff employed to download information and materials onto the telephone, value of downloaded material lost, amount of minutes contained on the telephone (in excess of 800 minutes. The Plaintiff to retain all rights of ownership of the telephone and its contents should the item be found.

10. $2,400,000 for causing an obstruction of effective access to courts, with regard to an appeal of a civil rights violation case being litigated within the U.S. Third Circuit Court of Appeals at the time of the violation of the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States, in connection with the seizure of his person and his property, including legal notes and documents, in paper form, on flashdrive, and downloaded onto his telephone, that were work product employable to the case; which served to create a violation of his rights under the First Amendment of the Constitution of the United States.

The Plaintiff requests that the following punitive damages be imposed upon the Defendants as named; and in the manner stated:

1. That the City of Pittsburgh, University of Pittsburgh, and University of Pittsburgh Police Department each pay separate damages in the amount of $5,000,000 for acts performed by police officers, in representation of those entities, which did violate the Plaintiff's rights as guaranteed by the Constitution of the United States.

Or, in the alternative, as part of a settlement entered into by any of the entities named, that individual entity shall pay punitive damages in an amount totalling $250,000, the monies to be distributed evenly in five checks for $50,000 with four of the checks made payable to charities for the homeless (to be named by the Plaintiff) and one check to be made payable to the Plaintiff. All of the checks are to be delivered to the Plaintiff for distribution. This alternative option of punitive damages expires sixty days following service of complaint.

Although admittedly angry at having to suffer the undue hardship of imprisonment which resulted from the violation of his constitutional rights by University of Pittsburgh Police Officers, the Plaintiff seeks to resolve this matter in a manner most expedient and least harmful to the Defendants while also placing the Defendants on notice that abuse of the rights of the homeless will not be tolerated. Especially for purpose of competition by police officers.

Despite the large sums stated as compensatory damages, those sums are based upon the possible need for compensation with regard to the occurrence of the actions stated or should property seized by the police go missing. Therefore, sans hacking or identity theft, should the Plaintiff's property be returned to

**VI** Relief Continued:

him intact and in its entirety. The only compensatory damages requested are $800 per day for every day the Plaintiff spent in prison beginning at June 20, 2016, and ending at..... (not yet ended) (not to exceed six months). In effect, a possible total of $146,000, or less.

2. That Officer Sara Falotico, Officer Alexander Visnich, and Sgt. John Doe each pay separate damages in the amounts as follows:

   $100,000 for actions performed in their official capacity as police officers which did violate the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

   $100,000 for actions performed in their personal and individual capacity which did violate the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

3. That Officer John Doe be warned against such actions in the future.