# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID S. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1068 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| CITY OF PITTSBURGH, | ) | |
| *et.al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On May 11, 2017, the Magistrate Judge issued a Report (Doc. 42) recommending that Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 24 and 32) be granted in part and denied in part. Service of the Report and Recommendation was made on the parties.

On June 16, 2017, Plaintiff filed objections to the Report and Recommendation. (Doc. 46). On June 30, 2017, Defendants University of Pittsburgh of the Commonwealth System of Higher Education (incorrectly identified as "University of Pittsburgh" and "University of Pittsburgh Police Department"), Officer Sara Falotico, Officer Alexander Visnich, Sgt. John Doe and Officer John Doe (collectively, the "University Defendants"), filed a Response to Plaintiff's objections. (Doc. 49). Defendant City of Pittsburgh filed a Response to Plaintiff's objections that same day. (Doc. 50).

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Court makes the following findings:

Pursuant to the authority and reasoning stated in the Report (Doc. 42), Plaintiff's objections are overruled.

First, the Court overrules Plaintiff's objection to the dismissal of his Fourth Amendment claims against the City of Pittsburgh, the University of Pittsburgh, and the University of Pittsburgh Police Department. As the Defendants argue, Plaintiff cannot hold these Defendants liable under the doctrine of respondeat superior, and the Complaint contains no factual allegations showing that any of these Defendants had a municipal custom or policy that caused his alleged constitutional violations. Monell v. Dep't of Social Serv., 436 U.S. 658, 691 (1978).

Second, the Court overrules Plaintiff's objection to the dismissal of his Fourth Amendment claim based on the seizure of his personal property incident to arrest. Plaintiff claims that Defendants' continued possession of his property constitutes a Fourth Amendment violation. "[N]ormally ... the government's continued possession is not separately actionable as a Fourth Amendment violation." Aleynikov v. McSwain, 2016 WL 3398581, at *18 (D.N.J. June 15, 2016) (citing Gonzalez v. Village of West Milwaukee, 671 F.3d 649, 660 (7th Cir. 2012)). However, "a seizure reasonable at its inception because based on probable cause may become unreasonable as a result of its duration...." Id. (citing Segura v. United States, 468 U.S. 796, 812 (1984)). Here, the Court finds that Defendants' continued possession of Plaintiff's property, seized on June 20, 2016, is not a separate Fourth Amendment violation, given that Plaintiff initiated this lawsuit only one month after the property was seized and that, shortly thereafter, the University Defendants offered to return the property to Plaintiff. (See Doc. 25 at 7) ("Defendants are in possession of Plaintiff's items confiscated upon his arrest. Now that Plaintiff

has requested them back, through this lawsuit, Defendants will return those items to him at the direction of and per the mechanisms determined by this Honorable Court.").

Finally, the Court overrules Plaintiff's objection to the Magistrate Judge's dismissal of his deprivation of access to the court claim. As the Magistrate Judge properly found, Plaintiff does not allege that he lost his pending appeal before the Court of Appeals for the Third Circuit due to the confiscation of his notes on June 20, 2016. Indeed, the public records in that case confirm that his appellate brief was due and submitted prior to his arrest, that he submitted documents in support of his appeal following his arrest, and that the Court of Appeals affirmed the district court's dismissal of his case on the merits on immunity grounds, and not because Plaintiff was found to have procedurally defaulted his appeal. See David Johnson v. Allegheny County Court of Comm, et al., 15-4002 (3d Cir. 2015).

For the reasons stated in the Report and herein, the following Order is entered:

Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiff's Fourth Amendment and First Amendment claims against the City of Pittsburgh, the University of Pittsburgh and the University of Pittsburgh Police Department are dismissed without prejudice;

(2) Defendants' motion to dismiss Plaintiff's Fourth Amendment claims against Officer Falarico, Officer Visnich, Officers John Doe 1 and 2 for their conduct in relation to Plaintiff's investigative detention is denied;

(3) Plaintiff's Fourth Amendment claims against Officer Falarico, Officer Visnich, Officers John Doe 1 and 2 for their conduct in relation to seizing his personal property at the scene of his arrest are dismissed with prejudice;

(4) Plaintiff's access to the courts claims against Officer Falarico, Officer Visnich, Officers John Doe 1 and 2 are dismissed with prejudice;

(5) Defendants' motion to dismiss Plaintiff's punitive damages claims is denied;

(6) Defendants' motion to dismiss any official capacity suits against the individual officers is granted;

(7) The University Defendants' motion to strike specific dollar amounts of unliquidated damages and Plaintiff's "Statement to the Court – No Confidence" is granted and the specific dollar amounts of unliquidated damages are stricken from Plaintiff's complaint and Plaintiff's request that this case be transferred to the Court of Appeals for the Third Circuit is denied.

The Magistrate Judge's Report and Recommendation dated May 11, 2017, hereby is adopted as the Opinion of the District Court.

IT IS SO ORDERED.


July 5, 2017

s/Cathy Bissoon
Cathy Bissoon
United States District Judge


cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

DAVID S. JOHNSON
620 Fallsway
Baltimore, MD 21202